

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NR
F. #2020R00144

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 6, 2020

By Overnight Delivery and ECF

Mark S. DeMarco, Esq.
3867 East Tremont Avenue
Bronx, NY 10465

        Re:    United States v. Omar Wesley
                  Criminal Docket No. 20-0065 (ERK)

Dear Mr. DeMarco:

       Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.      The Government's Discovery

      A.      The Defendant's Criminal History

       A copy of the defendant's criminal history is included the enclosed disk, with Bates label (OBCC 000001-000032).

      B.      Documents and Tangible Objects

       Please find enclosed the following material:

- an electronic folder containing a spreadsheet reflecting geolocation data associated with the telephone number (718) 679-2893 (Bates number OBCC 000033) and an associated application and warrant (20 MAG 0437);
- an electronic folder containing a spreadsheet containing pen register data for (718) 679-2893 (Bates numbered 000034) and related pen register application and order (20-MC-87);
- an electronic folder containing surveillance video and related still images taken on August 31, 2019 inside the Otis Bantum Correctional Center (Bates number OBCC 000035);

- an electronic folder containing all telephone calls placed on the New York City Department of Correction's SECURUS system to the (347) 584-5144 telephone number used by Aboudou Krigger between August 1, 2019 to September 15, 2019 and a related spreadsheet containing call detail records (Bates numbered OBCC 000036);
- an electronic folder containing 82 photographs taken in connection with the September 5, 2019 stop of Angel Rodriguez as he sought to enter the Otis Bantum Correctional Center (Bates numbered OBCC 000037);
- New York State Department of Motor Vehicle Records associated with a grey Hyundai with license plate HDL8350 (Bates numbered OBCC 000038);
- New York City License Plate reader records associated with a grey Hyundai with license plate HDL8350 (Bates numbered OBCC 000039-50);
- An electronic folder containing toll records and payment information from Sprint associated with the telephone numbers: (i) (347) 584-5144 and (ii) (484) 547-8754 for the time period from July 1 through August 27, 2019 (Bates numbered OBCC 000070); and
- An electronic folder containing toll records and payment information from T-Mobile associated with the telephone number: (i) (631) 949-0232 for the time period from July 1 through October 8, 2019 (Bates numbered OBCC 000071).

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C.   Reports of Examinations and Tests

Please find enclosed laboratory reports and property vouchers associated with illegal drugs seized from Angel Rodriguez on September 5, 2019 (Bates numbered OBCC 000051-69).

Additionally, please find enclosed an electronic folder containing a forensic extraction report performed by a New York City Department of Investigation forensic examiner on a telephone recovered from Angel Rodriguez's vehicle on September 5, 2019. (Bates numbered OBCC 000072).

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

D.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates that it may call experts at trial relating: (1) to testify with respect to the chemical analysis done on materials seized from Angel

2

Rodriguez on September 5, 2019; (2) the manner in which telecommunications providers are able to use of data obtained in the course of providing services to mobile telephone users to provide geolocation information relating to mobile telephonic devices.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

### E. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

### F. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

## II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

   Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

### III. Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

   The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by March 16, 2020  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

### IV. Future Discussions

   If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

   Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized

representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

        Very truly yours,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ Nathan Reilly
        Nathan Reilly
        Assistant U.S. Attorney
        (718) 254-6196

Enclosures

cc:    Clerk of the Court (ERK) (by ECF) (without enclosures)